UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHRISTINE ANDREWS,            )
                              )
        Plaintiff             )
                              )
    v.                        )     No. 1:08-cv-135-JAW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
        Defendant             )


## RECOMMENDED DECISION ON MOTION FOR AWARD OF ATTORNEY FEES

The plaintiff applies for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $2,770.00 after securing an award of past-due benefits before the commissioner following this court's remand of this Social Security disability case. She and the commissioner disagree on only one point: whether this court's past holding that such an award will be allowed up to three times the available hourly rate under the Equal Access to Justice Act ("EAJA") may be based on the rate in effect at the time of the application or at the time that the attorney actually did the work. In this case, that dispute concerns a total of $72.80.

Section 406 provides, in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

1

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand. *See, e.g., Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even in the absence of an objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., id* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for

successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to mark. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

There is no question in this case of substandard performance or improper conduct on the plaintiff's counsel's part. I, therefore, concern myself solely with whether the requested fee confers a windfall.

For purposes of addressing windfall concerns, this court has followed the precept that, "as a rule of thumb, a multiplier of two times a practitioners' usual and customary hourly rate provides adequate recompense for the taking of contingent fee risk without raising windfall concerns." *Ogle v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419, at *6 (D. Me. Dec. 12, 2003) (rec. dec., *aff'd* Jan. 21, 2004). What this means, as a practical matter, is that requested fees falling within this multiplier are deemed reasonable, while requested fees exceeding it

3

require analysis for windfall concerns and may or may not be judged reasonable depending on the circumstances of the individual case.

In the past, the commissioner has taken the position that no more than 2.5 times the adjusted EAJA hourly rate should be awarded. *Quimby v. Astrue*, No. 04-33-B-W, 2010 WL 817464, at *4 (D. Me. Mar. 4, 2010). In that case, I noted that this court has not held "as a matter of law that attorneys' EAJA hourly rates must serve as the springboard for calculating the reasonableness of a fee request pursuant to section 406(b)," *id*., a caveat that the commissioner appears to have overlooked in the instant case.[1] However, the evidence proffered by plaintiff's attorney in this case is no more complete than that which he submitted in *Quimby*, *id*. at *5, and I will, accordingly, apply the limit of three times the EAJA rate adopted in that case, *id*. The commissioner does not question the appropriateness of the use of that multiplier in this case.

In *Quimby*, I used the "current EAJA rate." *Id*. I did not consider the question of whether that rate was appropriate, rather than the rate in effect at the time the attorney's work was done. Here, the commissioner contends that the use of the rate in effect at the time of the fee award "is tantamount to an award of pre-judgment interest[,]" which is forbidden in the absence of an explicit waiver by the government of its sovereign immunity. Defendant's Response to Plaintiff's Motion for Award of § 406(b) Fees ("Opposition") (Docket No. 17) at 5.

But, of course, the difference between the result calculated with the current EAJA rate and that calculated with the EAJA rate in effect at the time the attorney's work was done is not interest. If the commissioner's argument were accepted, in any case in which a successful plaintiff was entitled to attorney fees against the federal government only the lowest possible award for that purpose could be made because any greater amount could be characterized as

---

[1] Counsel for the plaintiff does so as well. It is not correct to characterize the approach used in *Quimby* as "relying entirely upon a lodestar calculation." Reply to Response to 406(b) Motion (Docket No. 18) at 4.

"tantamount to pre-judgment interest." In the case cited by the commissioner for this proposition, *Kerin v. United States Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000), the EAJA award at issue involved work by attorneys over a period of nine years, rather than the two at issue here, and the EAJA rate was itself at issue, rather than being used as a "springboard" for consideration of a statutory award based on a cap on contingent attorney fees. The other case cited by the commissioner, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001), dealt with the cost-of-living provision in the EAJA's provision for recovery of attorney fees and directed the trial court to "calculate the cost-of-living adjustment according to the CPI-U for the year in which the fees were earned."

It bears repeating that, in this case, the court is not calculating an EAJA attorney fee, but rather is using an hourly rate for attorney fees calculated under the EAJA to assist it in determining whether the total amount of attorney fees sought by the plaintiff under section 406(b) constitutes a windfall to the attorney. It is not necessary to decide which measure should be used in this instance – let alone to draw a bright line to use in all future cases in which fees are sought under section 406(b) – when the total amount at issue is $72.80. That amount, on its face, cannot constitute a windfall to the plaintiff's attorney in this case.

The plaintiff's motion for an award of attorney fees in the amount of $2,770.00 is **GRANTED**. Counsel for the plaintiff has acknowledged his duty to remit to the plaintiff the lesser of the fees awarded to him here or under the EAJA in this case.

Dated this 13th day of January, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge